IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § § § | |
| v. | § § | CRIMINAL NO. C-12-413 |
| SAMUEL PEREZ-MORALES | § § § | |

## ORDER ACCEPTING GUILTY PLEA

Now before the Court is the Findings and Recommendation of the United States Magistrate Judge Brian L. Owsley containing his recommendation (1) that this Court adopt his findings that the Defendant's guilty plea in the above-styled and numbered cause was knowingly and voluntarily entered, with a full understanding of the consequences of the plea and the constitutional rights being waived, and that the plea was supported by an adequate basis in fact; (2) that the Court accept the Defendant's guilty plea; and (3) that the Court adjudge the Defendant guilty of the offense charged in Count One of the Indictment. (D.E. 15.)

On June 13, 2012, the Magistrate Judge, by designation and referral of this Court (pursuant to the authority of 28 U.S.C. § 636(b)(3) and this Court's standing order of referral) and with the consent of the parties, conducted the re-arraignment and guilty plea colloquy of the Defendant, Samuel Perez-Morales. The Indictment charged the Defendant with having committed the following offense:

> On or about April 29, 2012, in the Corpus Christi Division
> of the Southern District of Texas and within the jurisdiction of the
> Court, Defendant,
> 
> Samuel Perez-Morales
> 
> an alien who had previously been denied admission, excluded,
> deported and removed, knowingly and unlawfully was present in
> the United States having been found at or near Kenedy County,

> Texas, without having obtained consent to reapply for admission into the United States from the Attorney General of the United States or the Secretary of the Department of Homeland Security, the successor, pursuant to Title 6, United States Code, Sections, 202(3), 202(4) and 557.
> In violation of Title 8, United States Code, Sections, 1326(a) and 1326(b).

(D.E. 8.) After being placed under oath and advised of the charge against him, as well as his right to a jury trial and the consequences of entering a plea of guilty, the Defendant entered a plea of guilty to Count One of the Indictment.

More than fourteen days have passed since the parties, respectively, were served with the Magistrate Judge's Findings and Recommendation, and no party has filed objections. The Court regards such omission as the parties' agreement with and acceptance of the Magistrate Judge's findings. When no timely objection to a magistrate judge's findings and recommendation is filed, the district court need only satisfy itself that there is no clear error on the face of the record and accept the magistrate judge's findings and recommendation. *Guillory v. PPG Industries, Inc.*, 434 F.3d 303, 308 (5th Cir. 2005) (citing *Douglass v. United Services Auto Ass'n*, 79 F.3d 1415, 1420 (5th Cir. 1996)); *United States v. Rivas*, 85 F.3d 193, 194 (5th Cir. 1996).

In the case at hand, the Court is of the opinion that the Magistrate Judge's Findings and Recommendation is supported by the record and that there is no clear error. Furthermore, the Court finds that the Defendant, Samuel Perez-Morales, is fully competent and capable of entering an informed plea; that he is aware of the nature of the charge made against him, the consequences of his plea, and the nature of the constitutional rights that he is waiving; that his plea of guilty is a knowing and voluntary plea that did not result from force, threats, or promises (other than promises in a plea agreement); and that it is supported by an independent basis in fact containing each of the essential elements of the offense with which he is charged.

3

**THEREFORE**, the Court **ADOPTS** the Magistrate Judge's findings as its own, **ACCEPTS** Defendant's plea of guilty, and **ADJUDGES** the Defendant, Samuel Perez-Morales, guilty as charged in Count One of the Indictment.

**ORDERED** this 29th day of June 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**